United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 4, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 06-20821
Summary Calendar

————————————————

KERRY BROWN,

Plaintiff - Appellant,

v.

UNITED PARCEL SERVICE INC,

Defendant - Appellee.

———————————————————————————————————

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:04-CV-3219

———————————————————————————————————

Before REAVLEY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

   In this Title VII case, plaintiff-appellant Kerry Brown ("Brown") appeals the district

court's grant of summary judgment for the defendant-appellee United Parcel Service, Inc.

("UPS"). We review *de novo* and affirm for the following reasons:

   Brown has failed to establish a prima facie case of discrimination. In a work-rule violation

case such as this one, a plaintiff may establish a prima facie case by demonstrating either that he

did not violate the rule or that "white employees were treated differently under circumstances

———————————————

   [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

nearly identical to his." *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995) (internal quotations omitted). In this case, Brown, who is black, claims that a white employee, Danny Thompson, committed an act similar to his own but was treated differently. Thompson and Brown both were terminated for dishonest acts; however, Thompson was later reinstated and given a suspension.

UPS contends that the actions of the two men were not similar. Thompson was terminated for forging customer signatures in order to drop off packages. Brown was terminated for stealing approximately $160 from a customer: he allegedly took cash for a C.O.D. order and failed to record it or require the customer to provide some form of payment other than cash, as company policy prescribed. In addition, Brown gave conflicting stories about the incident, and a joint panel of Teamsters and UPS representatives refused to set aside his termination.

The actions of Thompson and Brown are not "nearly identical" for purposes of establishing a prima facie case of discrimination. Both employees allegedly engaged in dishonest conduct, but Brown's dishonesty was of a different magnitude. Stealing over $150 from a customer and then lying about it is more serious, and creates a greater risk that UPS may lose business, than faking signatures in order to leave a package for a customer. *See Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 478–49 (5th Cir. 2005) (holding that stealing alcohol and decorations is not nearly identical to stealing a customer's money). Thus, Kerry did not establish a prima facie case of discrimination, and the district court's decision is

AFFIRMED.